**Theodore C. LANGE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3128.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 6, 2004.

Sara B. Rearden, Principal Attorney, Stephanie M. Conley, of Counsel, Merit Systems Protection Board, Washington, DC, for Respondent.

Theodore C. Lange, of Counsel, Salem, OR, for Petitioner.

Before MICHEL and RADER, Circuit Judges, and ARCHER, Senior Circuit Judge.

PER CURIAM.

In 1997, petitioner Theodore C. Lange filed a timely appeal with the Merit Systems Protection Board's Seattle Field Office, contesting Lange's 30–day suspension from work with the Bureau of Land Management in Salem, Oregon. After a hearing, on February 28, 1998 an administrative judge issued an initial decision affirming the suspension. The initial decision expressly stated that it would become final on April 4, 1998 unless Lange filed a petition for review by that date. Lange did not, and the initial decision became final. On May 4, 1998, Lange filed suit in the United States District Court for the District of Oregon, challenging the Board's decision. The district court entered summary judgment against Lange. Lange did not appeal that decision to the United States Court of Appeals for the Ninth Circuit. Instead, on September 6, 2002, Lange filed a submission with the Board, again seeking review of the Board's earlier decision.

In a December 1, 2003 decision—which is the subject of the instant appeal—the Board ruled against Lange on procedural grounds. *Lange v. Dep't of the Interior,* 95 M.S.P.R. 227 (M.S.P.B.2003). The Board's ruling rested on two bases. First, the Board decided that Lange's submission could not be considered a petition for review, as in the Board's view, Lange "surrendered such right [to petition the Board

for review] by seeking review of the initial decision before the district court."[1] *Id.* at 229. Second, the Board stated that "[t]o the extent the appellant's filing constitutes a request to reopen his appeal for reconsideration, we DENY the appellant's request and DISMISS his submission." The Board explained that it "has the authority to reopen and reconsider appeals in which it has rendered a final decision, even after a court has affirmed the Board's final decision, but this authority is limited to matters that were not before the court at the time it issued its decision in the case," *id.* at 230, and even there, "[t]he Board will exercise its discretion to reopen only in unusual or extraordinary circumstances," *id.* at 230. Lange, according to the Board, "failed to show that any unusual or extraordinary circumstances exist in this case." *Id.*

In his briefs to our court, Lange does not address either of the two grounds for the Board's ruling against him. Instead, Lange reargues the merits of his claim that his suspension was improper. By flatly ignoring the bases for the Board decision presently on appeal, Lange fails to show error in that decision.

Nor do we perceive error from our independent review of the record in this pro se appeal. As for the Board's refusal to treat Lange's submission as a petition for review, we note that in any event Lange's submission was filed—without explanation or proffered excuse—over four years after the deadline for filing a petition for review and thus even if the submission were deemed a petition for review, it would need to be dismissed as untimely. As for the Board's discretionary decision to decline to reopen the appeal, we agree that no unusual or extraordinary circumstances (*e.g.*, a change of law) were presented by Lange,

nor did Lange raise any issues not already raised in the district court. We cannot say the Board abused its discretion—indeed, in these circumstances, the Board was required not to reopen.

For all of these reasons, we *affirm.*

1. Because the Board determined that Lange's submission was not a petition for review, the Board did "not consider [Lange's submission's] apparent untimeliness." *Id.* at 230.